Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| F. G. CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA CONCRETE PUMPING, INC., a California corporation, *dba* ASSOCIATED CONCRETE PUMPING,<br><br>Defendant. | Case No.: C12-5854 MMC<br><br>**NOTICE AND ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |
|---|---|

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of Plaintiffs OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant CALIFORNIA CONCRETE PUMPING, INC., doing business as ASSOCIATED CONCRETE PUMPING, ("Defendant") and/or alter egos and/or successor entities, as follows:

1.  Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.  Michael Charles Parigini, RMO/CEO/President of CALIFORNIA CONCRETE PUMPING, INC. *dba* ASSOCIATED CONCRETE PUMPING, acknowledges he has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| March 2013 | Contribution Balance | $76,079.52 | |
| | 20% Liquidated Damages | $12,184.24 | |
| | 10% Interest (through 05/14/13) | $133.52 | |
| | | | $88,397.28 |
| February 2013 | Contribution Balance | $22,812.30 | |
| | 20% Liquidated Damages | $11,538.72 | |
| | 10% Interest (through 05/14/13) | $353.12 | |
| | | | $34,704.14 |
| January 2013 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $7,131.82 | |
| | 10% Interest (through 05/14/13) | 258.99 | |
| | | | $7,390.81 |
| December 2012 | Contribution Balance | $171.57 | |
| | 20% Liquidated Damages | $10,101.02 | |
| | 10% Interest (through 05/14/13) | $497.22 | |
| | | | $10,769.81 |
| November 2012 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $1,282.88 | |
| | 10% Interest (through 05/14/13) | $119.36 | |
| | | | $1,402.24 |
| October 2012 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $12,919.62 | |
| | 10% Interest (through 05/14/13) | $388.32 | |
| | | | $13,307.94 |
| September 2012 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $15,394.92 | |
| | 10% Interest (through 05/14/13) | $885.10 | |
| | | | $16,280.02 |
| August 2012 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $17,985.20 | |
| | 10% Interest (through 05/14/13) | $1,739.35 | |
| | | | $19,724.55 |
| July 2012 | Contribution Balance (Late Paid) | $0.00 | |
| | 20% Liquidated Damages | $12,002.14 | |
| | 10% Interest (through 05/14/13) | $1,066.17 | |
| | | | $13,068.31 |
| | | | $205,045.10 |
| 10% Liquidated damages incurred on previously late-paid contributions (5/11 – 6/12) | | | $72,307.29 |
| 10% Interest incurred on previously late-paid contributions (5/11 – 6/12) | | | $6,325.30 |
| | | SUB-TOTAL: | $283,677.69 |
| **Attorneys' Fees (10/01/12 - 05/17/12)** | | | **$9,250.10** |
| **Cost of Suit** | | | **$562.42** |
| | | TOTAL: | $293,490.21 |

3.   Plaintiffs acknowledge recent receipt of Defendant's $22,812.30 payment for the balance of February 2013 contributions, and $20,969.50 for March 2013 Nevada contributions. The amounts will be credited herein upon bank clearance. Defendant shall ***conditionally*** pay

-2-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-5854 MMC

**$76,860.56**, representing all of the above amounts, less liquidated damages in the amount of **$172,847.85** and less the above referenced recent payments totaling **$43, 781.80**. *This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,* as follows:

   (a) Assuming bank clearance of the recent payments referenced above, beginning on or before June 15, 2013, and continuing on or before the 15th day of each month thereafter for a period of four (4) months through September 15, 2013, Defendant shall pay to Plaintiffs **$13,777.51** as agreed;

   (b) Thereafter, beginning on or before October 15, 2013, and continuing on or before the 15th day of each month thereafter for a period of eight (8) months through May 15, 2014, Defendant shall pay to Plaintiffs **$3,070.00**;

   (c) Payments may be made by joint check, to be endorsed prior to submission cashier's check or other form of payment;

   (d) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

   (e) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, <u>from June 16, 2013</u>, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

   (f) Payments shall be made payable to the "***Operating Engineers' Trust Fund***," and delivered to Muriel B. Kaplan, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each month**;

   (g) Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein;

   (h) Prior to September 15, 2013, the deadline for Defendant's last monthly payment toward the balance owed under the Stipulation, Plaintiffs shall notify Defendant in

writing of the final amount due, including interest and any additional attorneys' fees and costs, as well as any other amounts due under the terms herein.  All additional amounts due pursuant to the provisions hereunder shall be paid in full with the final stipulated payment;

        (i)    At the time Defendant makes its last monthly payment of the balance owed under the Stipulation, Defendant may submit a written request for a waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with that payment.  Defendant will thereafter be advised as to whether or not the waiver has been granted.  If the waiver is granted, upon bank clearance of Defendant's last payment of the balance and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court.  However, if the waiver is denied, monthly payments will continue until all liquidated damages due have been paid; and

        (j)    Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

4.    Beginning with contributions due for hours worked by Defendant's employees during the month of April 2013, which are due on May 15, 2013 and delinquent if not **received** by the Trust Funds on or before May 25, 2013, and for every month thereafter, Defendant **shall remain current in reporting and payment of all contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendant shall submit a copy of the contribution reports for California and Nevada each month, together with a copy of those payment checks, either by email to both mkaplan@sjlawcorp.com and dcatalan@sjlawcorp.com, or by facsimile to Muriel B. Kaplan at 415-882-9287, or to such other fax number as may be specified by Plaintiffs, prior to, or concurrent with, sending the payment to the Trust Fund office.**  Failure by Defendant to timely submit copies of current contribution reports and payments to Muriel B. Kaplan as described above shall constitute a default of the obligations under this agreement.

5.    Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

address of job, general contractor information, certified payroll if a public works job, and period of work.  **Defendant shall submit said updated list each month together with the contribution report (as required by this Stipulation) either by email to both mkaplan@sjlawcorp.com and dcatalan@sjlawcorp.com, or by facsimile to Muriel B. Kaplan at 415-882-9287**.  This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work.  In such event, Defendant shall submit a statement stating that there are no current jobs.  A blank job report form is attached hereto for Defendant's use, as *EXHIBIT A*.  **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports will be emailed or faxed to Muriel B. Kaplan, concurrently with their submission to the general contractor, owner or other reporting agency**.  Failure by Defendant to timely submit updated job lists shall constitute a default of the obligations under this agreement.

      6.    Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

      7.    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

      (a)    In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand

to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

      (b)    Defendant will be provided with ten (10) days in which to review the audit, and provide evidence if any, to contest the findings.  Ten (10) days after the review period expires, or any contest is resolved, payment in full shall be delivered to Muriel B. Kaplan;

      (c)    If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein.  Defendant shall then execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein; and

      (d)    Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    8.    Michael Charles Parigini acknowledges that he is the RMO/CEO/President of California Concrete Pumping, Inc. *dba* Associated Concrete Pumping (hereinafter "Guarantor"), and confirms that he is personally guaranteeing, and will be jointly and severally liable, for the amounts due pursuant to the terms of this Stipulation and further acknowledge that all affiliates, related entities, purchasers, and successors in interest to California Concrete Pumping, Inc. *dba* Associated Concrete Pumping, as well as any other entity in which he has an interest, shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction.

    9.    If any check is not timely submitted, is submitted by Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, or if Defendant/Guarantor fails to submit contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fail to comply with ***any*** of the terms of the Stipulation herein, this too shall constitute a default.

10. If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantor by facsimile or email and first class mail, to cure said default. Default will only be cured by the issuance of a replacement, cashier's check if the default is caused by a failed check, to be delivered to Saltzman and Johnson Law Corporation ***within seven (7) days*** of the date of the notice from Plaintiffs. If Defendant/Guarantor elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

11. In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a) The entire balance of **$293,490.21** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below;

(b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein. A declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default, shall be sufficient to secure the issuance if such Writ of Execution;

(c) Defendant/Guarantor waives notice of Entry of Judgment and expressly waives all rights to stay of execution and appeal.

12. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

13. In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into its Collective Bargaining Agreement, and the law.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

//

Dated: May 20, 2013          **CALIFORNIA CONCRETE PUMPING, INC.**
                             ***dba* ASSOCIATED CONCRETE PUMPING**

                             By: _____/S/_____
                                 Michael Charles Parigini, RMO/CEO/President

Dated: May 20, 2013          **MICHAEL CHARLES PARIGINI**

                             By: _____/S/_____
                                 Individually as personal guarantor

Dated: June 7, 2013          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

                             By: _____/S/_____
                                 David E. Hayner
                                 Collections Manager

Dated: June 11, 2013         **SALTZMAN & JOHNSON LAW CORPORATION**

                             By: _____/S/_____
                                 Muriel B. Kaplan, Esq.
                                 Attorneys for Plaintiffs

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

Dated: June 20, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

## ATTESTATION CERTIFICATE

In accord with the Northern District of California's General Order No. 45, Section X(B), I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: June 17, 2013         **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By:  _____/S/_____
MURIEL B. KAPLAN
Attorneys for Plaintiffs

## Exhibit A
### JOB REPORT FORM
*** Updated report must be emailed to **mkaplan@sjlawcorp.com** or faxed to Muriel B. Kaplan Esq., at (415) 882-9287 on or before the <u>15th day</u> of each month ***

Employer Name: **CALIFORNIA CONCRETE PUMPING, INC.** *dba* **ASSOCIATED CONCRETE PUMPING**

Report for the month of ____ ____ ____ year of _____ Submitted by (name): _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

*** *Attach additional sheets as necessary* ***

-1-
**Ex. A to JUDGMENT PURSUANT TO STIPULATION**
Case No.: C12-5854 MMC

P:\CLIENTS\OE3CL\Associated Concrete\Pleadings\2012-2013\C12-5854 MEJ - Judgment Pursuant to Stipulation 051413.docx